IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CHARLES MARTIN                              §
    TDCJ-CID #1101119                   §
v.                                          §          C.A. NO. C-11-355
                                            §
ERNEST H. GUTTERREZ, JR., ET AL.            §

## MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper.  *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) (citations omitted).  Plaintiff's *pro se* complaint must be read indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Applying these standards, it is respectfully recommended that the Court dismiss plaintiff's denial of access to the courts, loss of property, and other claims for failure to state a constitutional violation pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. <u>FACTUAL ALLEGATIONS</u>

Plaintiff Charles Martin is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas.  He filed this action on November 2, 2011, alleging, *inter alia*, that defendants destroyed and then failed to replace certain of his legal property such that he has effectively been denied access to the courts.  (D.E. 1).  He named as defendants: (1) Rick Thaler, TDCJ-CID director; (2) Warden Ernest Gutterrez, Jr.; (3) Warden Norris D. Jackson; (4) Officer Trina L. Velasquez; and (5) Officer Jim Daughtry.

A *Spears*[1] hearing was conducted on November 15, 2011.  The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing.

On April 29, 2002, plaintiff pled guilty to sexual assault in Cause No. 38715-C, styled *The State of Texas vs. Charles Lee Martin,* in the County Court of Law of Wichita County, Texas.  (D.E. 1, at 23).  He was sentenced to thirty years in the TDCJ-CID.  *Id.*

On March 13, 2003, plaintiff filed a state writ of habeas corpus challenging his conviction.  *Id.* at 24.  On July 7, 2003, the Texas Court of Criminal Appeals denied plaintiff's state writ.  *Id.*  On April 5, 2004, plaintiff filed a second state writ.  *Id.*  On April 6, 2005, plaintiff's second state writ was dismissed.  *Id.* at 25.  On February 7, 2006, he filed a third habeas corpus petition requesting DNA testing.  *Id.* at 25.  On February 23, 2007, plaintiff's third state application was denied.  *Id.* at 27.  On April 25, 2007, he filed a fourth application for state habeas corpus relief.  *Id.*  On May 8, 2007, the Texas Court of Criminal Appeals dismissed his fourth state writ for want of jurisdiction.  *Id.*

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a <u>Spears</u> hearing is incorporated into the pleadings).

On November 26, 2007, plaintiff filed a federal petition for habeas corpus relief challenging the Wichita County conviction in the Wichita Falls Division of the United States District Court for the Northern District of Texas. *Martin v. Director TDCJ-CID,* No. 7:07cv173 (N.D. Tex.).

On November 3, 2009, plaintiff was transferred from the McConnell Unit to the Dallas County Jail on a bench warrant. Plaintiff left his personal and legal property, including all of his legal materials for the appeal of his federal habeas corpus case, at the McConnell Unit.

Sometime in 2010, and while he was still in Dallas, plaintiff's personal and legal property that remained at the McConnell Unit were destroyed. At the time, defendant Officer Jim Daughtry was the McConnell Unit property room officer. No record or inventory was made of plaintiff's belongings.

On September 30, 2010, the district court dismissed plaintiff's § 2255 petition as time-barred. The district court denied his request for a certificate of appealability and other post-judgment motions for relief. On November 16, 2010, plaintiff appealed the dismissal of his federal habeas petition to the Fifth Circuit. On May 2, 2011, the Fifth Circuit denied his request for a certificate of appealability on his federal habeas petition.

On March 3, 2011, plaintiff returned to the McConnell Unit. He then began asking the current property room manager, defendant Officer Velasquez, to locate his property. (D.E. 1, at 36-44).

On March 15, 2011, plaintiff filed an I-60 with Officer Velasquez stating that this was his third attempt to try to find his missing property, but he had still not received a response or gotten his property back. *Id.* at 35-36. On March 21, 2011, Officer Velasquez responded that she was

3

not the property boss at the time his property was confiscated, but as time permitted, she would

investigate his claims.  *Id.* at 36.

On March 20, 2011, plaintiff filed a Step 1 grievance complaining about the loss of his

property and legal materials.  *Id.* at 54-55.  He listed his missing property:

(1)  Legal papers from county and federal court;
(2)  Fan;
(3)  Light;
(4)  Radio;
(5)  Lock;
(6)  Educational certificates of achievement, military records;
(7)  Family pictures; and
(8)  2006 Georgetown Law Journal, Black's Law Dictionary, and Texas
     Code of Criminal Procedure.

*Id.* at 54.  On April 28, 2011, Warden Jackson responded to the Step 1 grievance that Warden

Gutterrez had instructed Officer Velasquez to replace plaintiff's property.  *Id.* at 55.

On May 10, 2011, plaintiff filed a Step 2 appeal complaining that he had still not

received his property.  *Id.* at 56-57.  On May 24, 2011, plaintiff received a fan, light, and radio in

replacement of his lost appliances.  On June 8, 2011, plaintiff's Step 2 grievance was denied by

the Regional Grievance Office.  *Id.* at 57.  Mr. C. Lawson explained:

> On May 24, 2011, you accepted replacement property as
> settlement of this claim.  However, you may refer to AD 03.72
> "Offender Property", as policy states that bench warrant property
> will be stored a maximum of six months.  If the offender has not
> returned to TDCJ custody upon completion of these time frames,
> and has not made arrangements for the disposition of the stored
> property, the Agency shall make appropriate disposition of the
> property.  The issue presented is considered resolved.

*Id.*

4

Plaintiff seeks declaratory and injunctive relief, as well as $10,000 against each defendant in compensatory damages, and $15,000 against each defendant for punitive damages.

## III.  LEGAL STANDARD

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).  It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  *Id.* (citation omitted).

## IV.  DISCUSSION

Plaintiff contends that defendants violated his right of access to the courts when they destroyed his legal materials and then failed to replace them timely, thus hindering his ability to effectively advocate the appeal of his federal writ.  He claims also that defendants have failed to compensate him adequately for the loss of his property, which constitutes an illegal taking in violation of his due process rights.  He argues that, when his property was destroyed, no record or inventory was made, in violation of the TDCJ's own policies and regulations.  He claims that

his grievances concerning his destroyed property were not investigated adequately.  Finally, he

states that, until his fan was replaced, defendants were deliberately indifferent to his serious

medical needs because he suffers from hypertension and diabetes, such that he needs a fan for

health reasons.

**A.      Plaintiff Failed To State A Denial Of Access To The Courts Claim.**

Prisoners have a constitutionally protected right of access to the courts.  *See Lewis v.*

*Casey,* 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)).  The State must

furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and

adequate opportunity to conduct legal research through access to adequate law libraries or access

to "persons trained in the law" or other persons who can provide legal assistance.  *Bounds*, 430

U.S. at 824-28.  However, prison officials have considerable discretion in providing legal

resources to prisoners.  *Lewis*, 518 U.S. at 356.  The right does not guarantee any "particular

methodology but rather the conferral of a capability – the capability of bringing contemplated

challenges to sentences or conditions of confinement before the courts."  *Id.; see also Jones v.*

*Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (the right provides a reasonable

opportunity to file nonfrivolous legal claims challenging convictions or conditions of

confinement).

Because the right of access is not a "freestanding right," the plaintiff must demonstrate

actual injury resulting from an alleged denial of access to the courts.  *Chriceol v. Phillips*, 169

F.3d 313, 317 (5th Cir. 1999) (citing *Lewis*, 518 U.S. 349).  The Supreme Court explained that

"[a]ctual injury" is "actual prejudice with respect to contemplated or existing litigation, such as

the inability to meet a filing deadline or to present a claim."  *Lewis*, 518 U.S. at 349.  Without a

showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  *Id.*

Plaintiff claims that defendants denied him his right of access to the courts because they knew that he had an appeal pending with the Fifth Circuit, but they failed to assist him in replacing court and other records that he previously had in his possession, but that were destroyed when he was on a bench warrant in Dallas.  Taking as true that plaintiff previously possessed certain legal papers, including transcripts and court records from his state criminal trial, that have since been destroyed, he fails to state a claim for denial of access to the courts because he is unable to establish how any of the missing documents would have assisted him in challenging the dismissal of his federal writ of habeas corpus as time-barred.

Plaintiff's federal habeas petition was dismissed as time-barred by the district court for the Northern District of Texas on September 30, 2010, and his request for a certificate of appealability was denied.  As such, the merits of his habeas corpus petition, including his claims of actual innocence, that he was denied effective assistance of counsel, and insufficient evidence, were not addressed by the district court.  The district court noted that plaintiff's sexual assault conviction became final on May 29, 2002, the last date on which he could have filed a notice of appeal, but did not.  Thereafter, he had one year, absent tolling, or until May 29, 2003, to file his federal petition.  The district court found that plaintiff's first state writ tolled limitations from March 13, 2003 through June 25, 2003; however, on June 26, 2003, it began to run again and expired on September 9, 2003.  Plaintiff's subsequent state habeas applications were filed after the federal limitations had run, and as such, could not serve to toll the deadline.  The Northern

District of Texas concluded that plaintiff's federal habeas corpus petition, filed on November 26, 2007, was over four years too late, and consequently, barred by limitations.

Plaintiff has failed to allege how any legal document that he might have previously had in his possession but that was subsequently destroyed could have assisted him in attempting to demonstrate that his federal petition was not untimely. Indeed, he testified at the *Spears* hearing that the lost legal records were copies of documents from his state court criminal proceeding and copies of pleadings filed in his federal habeas case. However, plaintiff could not identify a specific document that might assist him in demonstrating that his federal petition was in fact timely or otherwise dismissed in error. That is, even if his legal materials had not been destroyed, the dismissal of his federal habeas petition would still have been affirmed as untimely. Therefore, plaintiff fails to establish that he was prejudiced in any nonfrivolous legal proceeding, and he fails to demonstrate that he was denied access to the courts in violation of his constitutional rights. *Lewis*, 518 U.S. at 349. Thus, it is respectfully recommended that plaintiff's denial of access to the courts claim be dismissed.

**B.     Plaintiff Failed To State A Claim Regarding His Lost Property.**

Plaintiff alleges that, although defendants did replace a few of his appliances that were destroyed, he has not been reimbursed or compensated for other items, including lost legal materials that cost money to replace.

Assuming as true that plaintiff has suffered a monetary loss from the destruction of his property, he fails to state a constitutional violation because an adequate post-deprivation remedy for deprivation of property under color of law eliminates any due process claim under § 1983, regardless of whether the deprivation is negligent or intentional. *See Parratt v. Taylor,* 451 U.S.

8

527, 543 (1981); *Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984).  Under the *Parratt/Hudson* doctrine, a district court may dismiss a loss of property claim and require the plaintiff to pursue state remedies.  A plaintiff may then pursue a claim under § 1983 only after those remedies are denied on grounds other than the merits of the claim.  *See Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir. 1983) (citation omitted).  The burden is on the inmate to show that the post-deprivation remedy is inadequate.  *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996).

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization.  *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement"); *see also Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.) (conversion is "[t]he unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights").  In addition, state law specifically provides that inmates may recover up to $500 on a claim that the TDCJ lost or damaged personal property.  Tex. Gov't Code § 501.007.

Plaintiff testified that he did not institute an action for conversion in state court concerning his lost property.  More importantly, he has not alleged any inadequacy in the remedies available to him under Texas law.  *See Parratt*, 451 U.S. at 544 ("The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process.").  Therefore, to the extent plaintiff is complaining of a loss of property, he has failed to state a claim upon which relief can be granted, and it is respectfully recommended that this claim be dismissed without prejudice.

**C.      Plaintiff Failed To State A Claim Regarding The Violation Of TDCJ Rules.**

Plaintiff claims that, pursuant to TDCJ Administrative Directive § 3.72, Officer Daughtry was required to make a written record or inventory of his property prior to its disposal, and that his failure to do so amounts to a constitutional violation.  He claims that Officer Velasquez also violated this directive when she failed to look for his property timely.  However, plaintiff's mere allegation that prison policies were not followed does not state a claim.  *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met).  Even if defendants failed to follow the applicable administrative directives, plaintiff has failed to establish that those violations resulted in the denial of a federal constitutional right.  Thus, these allegations fail to state a claim, and it is recommended that plaintiff's claims based on alleged violations of TDCJ rules and regulations be dismissed for failure to state a constitutional violation.

**D.      Plaintiff Failed To State A Claim Regarding The Investigation Of Grievances.**

Plaintiff claims that defendants failed to investigate properly his grievances concerning his lost property and efforts to replace it.  However,  prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction, and any alleged due process violation arising from the alleged failure to investigate prisoner grievances is "indisputably meritless."  *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam) (prisoners do not have a federally protected interest in having their grievances investigated or resolved in their favor).  Thus, it is respectfully recommended that plaintiff's

claims alleging that defendants did not investigate his grievances properly be dismissed for failure to state a claim.

**E.      Plaintiff Failed To State A Deliberate Indifference To Serious Medical Needs Claim.**

Plaintiff complains that defendants were deliberately indifferent to his serious medical needs because they knew his fan had been lost, but they failed to replace it timely, despite their knowing that he suffers from hypertension and diabetes, and that he needed the fan for health reasons.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam). Deliberate indifference encompasses more than mere negligence on the part of prison officials. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. *Id.* at 837.

In this case, plaintiff arrived back on the McConnell Unit on March 3, 2011, and his fan was replaced on May 24, 2011. Thus, he was without his fan at the McConnell Unit for less than three months. Moreover, he did not advise defendants that he needed his fan due to his diabetes and hypertension until he filed an I-60 with Warden Jackson on May 5, 2011. (D.E. 1, at 40 ). Nineteen days later, he had a fan. Additionally, other than this one I-60 to Warden Jackson, plaintiff offers no evidence to suggest that any of the defendants knew or should have known about his medical conditions, or that they knew or should have known that lack of a fan would

aggravate his medical symptoms.  Indeed, he does not allege that he suffered any actual medical

reaction as a result of not having a fan.  Thus, these allegations do not give rise to a

constitutional violation, and it is respectfully recommended that plaintiff's deliberate

indifference to serious medical needs claims be dismissed.

**F.      Plaintiff Failed To State A Claim Against Rick Thaler.**

Plaintiff sued TDCJ-CID Director Rick Thaler alleging that "he is legally responsible for

the overall operation of the Department and each institution ... including the McConnell Unit."

*Id.* at 6-7.

It is well established that "personal involvement is an essential element of a civil rights

cause of action."  *Thompson*, 709 F.2d at 382 (citation omitted); *see also Rizzo v. Goode*, 423

U.S. 362, 371-72, 377 (1976) (requiring an affirmative link between the injury and defendant's

conduct).  To sustain his claims, plaintiff must state particular facts specifying the personal

involvement of each defendant.  *See Fox v. Herndon*, 900 F.2d 804, 810 n.9 (5th Cir. 1990).

Supervisory officials cannot be held liable in § 1983 claims for the actions of their subordinates

on a theory of *respondeat superior* or vicarious liability.  *Monell v. Dep't  of Soc. Servs.*, 436

U.S. 658, 691-95 (1978); *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984) (en banc)

(per curiam).  For a supervisory official to be held liable, they must "affirmatively participate in

the acts that cause constitutional deprivation" or implement unconstitutional policies that

causally result in plaintiff's injury."  *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th

Cir. 1992).

Here, plaintiff admits that Rick Thaler had no personal involvement in any complained of

action concerning his destroyed property or other claims.  Moreover, he has not claimed that this

defendant implemented an unconstitutional policy that violated plaintiff's rights.  Plaintiff's attempt to hold Rick Thaler liable by virtue of his position as director of the TDCJ-CID does not state a constitutional violation, and therefore, it is respectfully recommended that this claim be dismissed.

## V.  RECOMMENDATION

For the reasons stated above, it is respectfully recommended that the Court dismiss without prejudice plaintiff's property claim and dismiss without prejudice all of his remaining claims against defendants for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Respectfully submitted this 21st day of November 2011.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2002-3, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).